**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORETTA CASTILLE,

      Plaintiff - Appellant,

v.

TELETECH CUSTOMER CARE
MANAGEMENT (CO), INC.,

      Defendant - Appellee.

No. 02-1346
D.C. No. 99-D-2026 (PAC)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Plaintiff Loretta Castille, appearing pro se, appeals the district court's entry of

summary judgment in favor of defendant Teletech Customer Care Management (Co.),

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Inc.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

Castille was employed by Teletech as a customer service representative from October 21, 1996, to February 11, 1999.  During her tenure, she applied for, but was denied, a promotion to the position of "lead agent" on two different occasions.  She alleges that two white employees received the promotions.  Teletech answered customer calls for various clients, including Bell Atlantic.  Teletech suspended Castille for "unprofessional conduct," after her handling of an angry customer's telephone call for Bell Atlantic.  After an investigation, her employment was terminated.

Castille filed suit against Teletech for alleged violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  Teletech filed a motion for summary judgment.  The magistrate judge determined that Castille had failed to establish a prima facie case of discrimination with regard to her failure to promote claim and, with respect to the discriminatory discharge claim, even assuming she had established a prima facie case, Castille failed to present any evidence of pretext.  The district court adopted the magistrate's report and granted summary judgment in favor of Teletech.

## II.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court.  Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000).  Summary judgment is appropriate "if the pleadings, depositions, answers to

-2-

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To prevail under Title VII, Castille must show, by either direct or circumstantial evidence, that Teletech intentionally discriminated against her based upon her race. See EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1191 (10th Cir. 2000). Because she fails to allege any direct evidence of discrimination, we analyze her claims under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Amro, 232 F.3d at 796. Under the McDonnell Douglas test, Castille must establish a prima facie case of unlawful discrimination. See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000). The burden then shifts to Teletech to articulate a legitimate, nondiscriminatory reason for the adverse action Castille identifies. See id. If Teletech produces such a reason, the burden returns to Castille and she can avoid summary judgment only if she shows that Teletech's proffered reason was merely a pretext for unlawful discrimination. See id.

*Failure to promote*

The district court concluded Castille had failed to establish a prima facie case of discrimination based on her failure to promote claim. In order to establish a prima facie case of race discrimination for failure to promote, Castille must establish that (1) she belongs to a minority group, (2) she was qualified for the position she sought, (3) she did

not receive the promotion, and (4) the position was filled with a non-minority or remained available following Teletech's decision not to promote her.  See Amro, 232 F.3d at 796. The district court concluded Castille failed to establish she was qualified for the position of "lead agent" because she failed to offer any evidence of the job description for "lead agent," failed to identify the qualifications required, failed to state whether she possessed the necessary qualifications, and failed to show that her qualifications were superior to those of the persons who were hired.  Our review of the evidence submitted confirms that the district court's conclusion was accurate.

### *Discriminatory dismissal*

The district court determined that Castille had failed to produce evidence that would show Teletech's reason for her termination was pretextual.  Specifically, the court found that Castille presented no evidence which called into question Teletech's contention that it terminated Castille for "'poor job performance[,]' *i.e.*, that she had a history of disciplinary write-ups for insubordination, failure to follow instructions and unprofessional conduct, and that she was terminated after she handled a customer call inappropriately and in a way that was detrimental to the relationship between Teletech and its client Bell Atlantic."  ROA Doc. 62 at 3.

When assessing a contention of pretext, we examine the facts as they appear to the person making the employment decision.  See Kendrick, 220 F.3d at 1231.  We cannot second-guess the business judgment of the employer or question whether the decision was

fair, wise, or even correct. See Selenke v. Medical Imaging of Colo., 248 F.3d 1249, 1261 (10th Cir. 2001). Instead, the relevant inquiry is limited to whether Teletech honestly believed the proffered reasons and acted in good faith upon those beliefs. See Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1318 (10th Cir. 1999).

Applying these well-established principles, we agree with the district court's conclusion that Castille failed to offer any evidence which called into question Teletech's decision. Even assuming her repeated request for information identifying the angry telephone caller was consistent with Teletech policy, she has wholly failed to contradict Teletech's other justifications for terminating her employment, including the manner in which she addressed the angry caller or her multiple instances of insubordination.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge